UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGRACIA HERNANDEZ-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC PENHOS DANA, ESTER SUTTON DE SACAL, SAMUEL PENHOS, ALICIA SACAL DE PENHOS,<br><br>Defendants. | Case No.: 21-cv-1673-JAH-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>[Dkt. No. 71] |

**I.**

**BACKGROUND**

On February 17, 2023, the law firm Pettit Kohn Ingrassia Lutz & Dolin PC ("Firm") and its attorneys, Jennifer N. Lutz and Christine Y. Dixon (collectively, "Defense Counsel"), filed a motion to withdraw as counsel of record ("Motion") for Defendants Isaac Penhos Dana, Esther Sutton de Sacal, Samuel Penhos, and Alice Sacal ("Defendants").[1]

---

[1] Defense Counsel note in the Motion that Esther Sutton de Sacal and Alice Sacal were erroneously sued as "Ester Sutton de Sacal" and "Alicia Sacal de Penhos," respectively. Dkt. No. 71 at 1, 3.

1

Dkt. No. 71. Defense Counsel state that withdrawal as counsel is necessary because Defendants breached the terms of their agreement with the Firm by failing to pay the Firm's invoices, resulting in a breakdown of the attorney-client relationship. *Id*. at 6, Decl. of Christine Y. Dixon ¶¶ 2-3. As set forth below, the Court GRANTS the motion.

## II.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Lopez v. Global Bus. Consultants.*, No. 20-cv-1281-AJB (LL), 2021 WL 148064, at *1 (S.D. Cal Jan. 15, 2021) (citing *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)). A motion for leave to withdraw as counsel must be supported by a showing of "good cause." *Lopez*, 2021 WL 148064, at *1. Courts consider the following when determining whether good cause exists: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citing *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)) (internal quotation marks omitted).

Civil Local Rule 83.3.f.3 requires that the motion to withdraw as counsel be served on the opposing party and on the moving attorney's client, and that a declaration regarding such service be filed with the motion. Additionally, under Civil Local Rule 83.3.j, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney. . . ."

Courts have held that failure to pay fees for legal services rendered may be sufficient grounds for withdrawal. *See Inigo v. Express Movers, Inc.*, No. 3:18-cv-02844-BEN-LL, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020) (citing *Leatt Corp. v. Innovative Safety Technology, LLC*, No. 09–CV–1301–IEG (POR), 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010)). Additionally, the California Rules of Professional Conduct permit a lawyer to withdraw from representing a client if the client breaches a material term of an agreement with the lawyer relating to the representation, and the lawyer has

given the client a reasonable warning after the breach that she will withdraw unless the client complies with the agreement. Cal. Rules of Pro. Conduct r. 1.16(b)(5) (Cal. State Bar 2020). Courts have also held that "there is no danger of prejudice where a case is still in its infancy, there are no immediately scheduled hearings, and the opposing party receives notice of counsel's intent to withdraw." *Meggs v. 1250 North SD, LLC*, No. 3:19-cv-1720-GPC-BGS, 2020 WL 819011, at *1 (S.D. Cal. Feb. 19, 2020) (quoting *Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010)) (internal quotation marks omitted).

## III.

## **DISCUSSION**

Here, Defense Counsel have sufficiently established good cause to permit withdrawal of their representation and complied with all notice requirements. Defense Counsel represent that Defendants breached a material term of their agreement with the Firm by failing to pay the Firm's invoices since April 2022. *See* Dkt. No. 71 at 6, ¶¶ 2-3. This is a valid reason to withdraw as counsel. *See Inigo*, 2020 WL 8838166, at *2. Having attempted to collect on the outstanding invoices on multiple occasions, and in compliance with the California Rules of Professional Conduct, Defense Counsel warned Defendants via email on December 5, 2022 that "failure to pay could result in Pettit Kohn withdrawing as counsel in this action." *See id*. ¶¶ 4-5. On February 13, 2023, Defense Counsel provided further notice to Defendants of their intent to file the instant Motion. *See id*. ¶ 7. Defense Counsel have also complied with this District's Local Rules by serving the Motion on Defendants and on opposing counsel. *Id*. at 7, ¶ 8; *see id*. at 9.

Additionally, granting the Motion would not be prejudicial to Defendants. Defense Counsel put Defendants on notice of the possible withdrawal more than two months before Defense Counsel filed this Motion, and Defendants could have consulted new counsel during this time. *See id*. at 6, ¶ 5. Furthermore, while the Court acknowledges that granting the Motion would leave Defendants Isaac Penhos Dana and Esther Sutton de Sacal without

/ / /

representation, it appears that prejudice to them will be minimal because the fact discovery cut-off will not run until March 27, 2023.[2]

No other parties have opposed the Motion, which suggests that there would be minimal prejudice, if any, to the other litigants. *Id*. at 7, ¶ 9. Moreover, the Court finds that granting the Motion would not affect the administration of justice. With respect to possible delays, the Court notes that a Status Conference is set for March 8, 2023, and as noted above, fact discovery closes on March 27, 2023. As discussed above, Defendants had sufficient notice of Defense Counsel's possible withdrawal to secure new counsel such that current dates and deadlines would not be affected. At this time, all pre-trial dates and deadlines set forth in the Scheduling Order at Dkt. No. 55 will remain in effect. The Court will not stay any dates or deadlines while Defendants Isaac Penhos Dana and Esther Sutton de Sacal search for new counsel. Any requests for continuances will only be granted upon a showing of good cause. Accordingly, no immediate delay will result from granting the Motion.

## IV.
## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Good cause appearing, the Motion to withdraw as counsel for Defendants is **GRANTED**. Pettit Kohn Ingrassia Lutz & Dolin PC and attorneys Jennifer N. Lutz and Christine Y. Dixon are hereby terminated as counsel of record for all Defendants.

2. Any new counsel for Defendants Isaac Penhos Dana and Esther Sutton de Sacal must make an appearance in the case on or before **March 14, 2023**.

---

[2] Defendants Samuel Penhos and Alice Sacal continue to be represented by attorneys at Lewis Brisbois Bisgaard & Smith LLP. Accordingly, the Court only addresses whether granting the Motion would be prejudicial to Defendants Isaac Penhos Dana and Esther Sutton de Sacal.

Failure to comply with this Order will result in substitution of Defendants Isaac Penhos Dana and Esther Sutton de Sacal in propria persona.

3. All dates and deadlines set forth in the Scheduling Order at Dkt. No. 55 remain unchanged and in effect.

4. The Clerk of Court is directed to serve a copy of this Order on Defendants Isaac Penhos Dana and Esther Sutton de Sacal as follows:

Isaac Penhos Dana
16047 Collins Ave. #3302
Sunny Isles Beach, FL 33160

Esther Sutton de Sacal
1820 Avenida Del Mundo, Unit 1107
Coronado, CA 92118

**IT IS SO ORDERED.**

Dated:  February 28, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge