UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGRACIA HERNANDEZ-GARCIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ISAAC PENHOS DANA, ESTER SUTTON DE SACAL, SAMUEL PENHOS, ALICIA SACAL DE PENHOS,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-1673-JAH-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>[Dkt. No. 85] |

# I.

# **BACKGROUND**

On March 9, 2023, the law firm San Diego Biz Law APC ("Firm") and its attorney, Steven Riznyk, filed a motion to withdraw as counsel of record ("Motion") for Defendants Isaac Penhos Dana and Esther Sutton de Sacal ("Defendants").[1]  Dkt. No. 85.  Mr. Riznyk states that the Motion is "made on the grounds that the attorney-client relationship between [the Firm] and Defendants has broken down beyond repair," and because "Defendants

---

[1] Mr. Riznyk notes in the Motion that Esther Sutton de Sacal was erroneously sued as "Ester Sutton de Sacal."  Dkt. No. 85 at 2.

refuse to compensate [the Firm] and its counsel for the services already performed and the services necessary to be performing in this action." *Id*. at 2.  Mr. Riznyk further describes Defendants' conduct as an "immediate breach and [a] tentative, continued breach of the engagement agreement." *Id*. at 3.  On March 20, 2023, the Court convened the parties for a Status Hearing to discuss the future of Defendants' representation in the event Mr. Riznyk's Motion to withdraw is granted.  For the following reasons, the Court GRANTS the Motion.

## II.
## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Lopez v. Global Bus. Consultants.*, No. 20-cv-1281-AJB (LL), 2021 WL 148064, at *1 (S.D. Cal Jan. 15, 2021) (citing *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)).  A motion for leave to withdraw as counsel must be supported by a showing of "good cause." *Lopez*, 2021 WL 148064, at *1.  Courts consider the following when determining whether good cause exists: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citing *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)) (internal quotation marks omitted).

Civil Local Rule 83.3.f.3 requires that the motion to withdraw as counsel be served on the opposing party and on the moving attorney's client, and that a declaration regarding such service be filed with the motion.  Additionally, under Civil Local Rule 83.3.j, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . ."

Courts have held that failure to pay fees for legal services rendered may be sufficient grounds for withdrawal.  *See Inigo v. Express Movers, Inc.*, No. 3:18-cv-02844-BEN-LL, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020) (citing *Leatt Corp. v. Innovative Safety Technology, LLC*, No. 09–CV–1301–IEG (POR), 2010 WL 444708, at

*2 (S.D. Cal. Feb. 2, 2010)). Additionally, the California Rules of Professional Conduct permit a lawyer to withdraw from representing a client whose "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," or when the client breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that he will withdraw unless the client complies with the agreement. Cal. Rules of Pro. Conduct r. 1.16(b)(4)-(5) (Cal. State Bar 2020). Courts have also held that "there is no danger of prejudice where a case is still in its infancy, there are no immediately scheduled hearings, and the opposing party receives notice of counsel's intent to withdraw." *Meggs v. 1250 North SD, LLC*, No. 3:19-cv-1720-GPC-BGS, 2020 WL 819011, at *1 (S.D. Cal. Feb. 19, 2020) (quoting *Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010)) (internal quotation marks omitted).

## III.

## **DISCUSSION**

Mr. Riznyk has established good cause to permit his withdrawal as counsel due to a breakdown in the attorney-client relationship. Following this Court's Order granting the motion to withdraw by Defendants' former counsel, co-Defendant Samuel Penhos contacted the Firm seeking Mr. Riznyk's representation for Defendants, who are Mr. Penhos's father and mother-in-law.[2] Dkt. No. 85-1 at 2, Riznyk Decl. at ¶ 2; *see* Dkt. Nos. 71, 74. Although an initial deposit was paid to cover the costs of "reviewing the facts, writing two motions to dismiss, reply briefs, and oral argument, if allowed," Mr. Riznyk explained to Mr. Penhos that the Firm would require a larger retainer to cover the cost of additional work Mr. Penhos was delegating to the Firm on a "non-stop" basis. Dkt. No. 85-1, Riznyk Decl. at ¶¶ 5-6. Mr. Riznyk made an initial appearance on behalf of

---

[2] Defendant Samuel Penhos is separately represented by his own counsel and only sought representation for Defendants Esther Sutton de Sacal and Isaac Penhos Dana.

Defendants at a Status and Discovery Conference before this Court on March 8, 2023, but he states that he only learned of the March 27, 2023, written discovery deadline and the "substantial discovery issues [Defendants] had to attend to" during the conference because neither Defendants nor Mr. Penhos made him aware of this information prior to the conference.  *Id*. at 2-3, Riznyk Decl. at ¶¶ 3-4, 7-8.  Upon learning of his discovery obligations, and in response to Mr. Penhos's request to prepare only the two motions to dismiss, a motion for leave to file a counterclaim, and a counterclaim, Mr. Riznyk explained to Mr. Penhos that he has a duty to proceed with discovery for purposes of Defendants' defense and that "it would be malpractice to not defend [Defendants] just to save money . . . ."  *Id*. at 3, Riznyk Decl. at ¶ 9.  Additionally, Mr. Riznyk states that Defendants have an outstanding bill for unpaid fees in the amount of $2,442.54, which is discounted from the more than $6,000 worth of services invested into the case thus far.  *Id*. at 4, Riznyk Decl. at ¶ 10.

On March 9, 2023, Mr. Riznyk informed Defendants of the Firm's intention to withdraw as counsel and provided them with the Motion.  *Id*. at 4, Riznyk Decl. at ¶ 13-14.  Although Mr. Riznyk provided short notice to Defendants, such notice was reasonable in light of Defendants' initial contact with Mr. Riznyk approximately one week prior to the Motion being filed, Mr. Riznyk's first appearance on behalf of Defendants two days prior to filing the Motion, and Mr. Riznyk's need to be out of the country for a family emergency at the time the conduct giving rise to the withdrawal occurred.

The Firm's withdrawal will not prejudice Defendants given the brief period of the representation, nor will it prejudice any other party.  Moreover, following the March 20 Status Hearing, the Court continued the fact discovery cutoff to allow Defendants an opportunity to obtain new counsel and conduct appropriate discovery to support their defense.  Dkt. Nos. 94, 96.

## IV.
## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Good cause appearing, the Motion to withdraw as counsel for Defendants Esther Sutton de Sacal and Isaac Penhos Dana is **GRANTED**.
2. Mr. Riznyk shall serve a copy of this Order on Defendants Esther Sutton de Sacal and Isaac Penhos Dana at their respective last known mailing and email addresses and shall file a notice of service on or before **March 27, 2023**.
3. Any new counsel for Esther Sutton de Sacal and Isaac Penhos Dana shall file a notice of appearance on or before **April 4, 2023**.
4. Defendants shall notify the Court immediately in writing of any change of contact information.

**IT IS SO ORDERED.**

Dated:  March 21, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge