UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGRACIA HERNANDEZ-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC PENHOS DANA, ESTER SUTTON DE SACAL, SAMUEL PENHOS, ALICIA SACAL DE PENHOS,<br><br>Defendants. | Case No.: 21-cv-1673-JAH-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**[Dkt. No. 114]** |

**I.**

**BACKGROUND**

On August 4, 2023, Plaintiff's attorney Benjamin R. Botts filed a motion to withdraw as Plaintiff's counsel ("Motion"). Dkt. No. 114. Mr. Botts states that after August 4, 2023, he will cease to be employed by Centro de los Derechos del Migrante, Inc. ("CDM"), one of two law firms representing Plaintiff. Mr. Botts further explains that Plaintiff will continue to be represented by all other attorneys of record at CDM and the law firm of Wilmer Cutler Pickering Hale and Dorr, LLP ("WilmerHale"). Good cause appearing, the Motion is **GRANTED**.

/ / /

## II.
## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Lopez v. Global Bus. Consultants.*, No. 20-cv-1281-AJB (LL), 2021 WL 148064, at *1 (S.D. Cal Jan. 15, 2021) (citing *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)). A motion for leave to withdraw as counsel must be supported by a showing of "good cause." *Lopez*, 2021 WL 148064, at *1. Courts consider the following when determining whether good cause exists: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citing *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)) (internal quotation marks omitted).

Civil Local Rule 83.3.f.3 requires that the motion to withdraw as counsel be served on the opposing party and on the moving attorney's client, and that a declaration regarding such service be filed with the motion.

## III.
## DISCUSSION

Mr. Botts seeks to withdraw because he will no longer be employed at CDM, one of the law firms representing Plaintiff as of August 4, 2023. The Court finds good cause for Mr. Botts's withdrawal and that his withdrawal presents no prejudice to other litigants or risk of harm to the administration of justice. Even after Mr. Botts's departure from CDM, Plaintiff will continue to be represented by three other attorneys of record at CDM in addition to six other attorneys of record from WilmerHale. Moreover, the parties are in the process of finalizing a settlement agreement as to all claims and all parties and are expected to move for dismissal thereafter. For the same reasons, there is no risk that Mr. Botts's withdrawal will cause any delay in final resolution of the action.

Finally, Mr. Botts has demonstrated compliance with Civil Local Rule 83.3.f.3. In a Declaration of Service, Mr. Botts states that the Motion was sent to Plaintiff via

WhatsApp, and that all other counsel of record have been notified of the Motion via the CM/ECF system.

### IV.
### **CONCLUSION**

For the foregoing reasons, the Court finds good cause to permit Mr. Botts's withdrawal from the case. The Court hereby **ORDERS** as follows:

1. Good cause appearing, Mr. Botts's Motion to withdraw as counsel for Plaintiff is **GRANTED**.
2. CDM shall serve a copy of this Order on Plaintiff on or before **August 14, 2023**.

**IT IS SO ORDERED.**

Dated: August 7, 2023

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge